[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION FACTS
The plaintiff seeks to recover from the defendant for the latter's share of the defendant of the debt of a failed business CT Page 14347 venture. Though the enterprise operated under a corporate designation, the individuals involved had an "understanding" amongst themselves in their individual capacities. That "understanding" is the issue in dispute. Initially, these parties and a third party decided to go into a business, dealing in vintage cars. The plaintiff and the third party, William Silverman, were to advance the start up funds and the defendant was to run the business. The plaintiff and Silverman testified as to the agreement of the parties as to profits and losses.
The plaintiff stated that the three parties would share equally in any profit and losses. Mr. Silverman stated the parties agreed to split the profits equally and he understood the same would hold true for losses. He withdrew after incurring a substantial loss and is not involved in these proceedings.
The defendant argues that though he expected to share in the profits, he did not agree to and did not expect to be involved in sharing any losses. He acknowledges that he did sign for various bank loans, as an officer and individually.
In the absence of any written memorandum, the court is obliged to look at the total circumstances to determine what their agreement was.
 DISCUSSION I
Though the defendant now denies any liability from the venture's inception, his actions in 1991 when the venture collapsed bear examining.
It was testified that the plaintiff contacted the defendant to meet with him and his accountant to try to figure out who was responsible for the remaining business debts. The defendant chose to meet and the accountant pieced together a balance sheet from the information he obtained from the parties and the scant business records available.
When the accountant sent the defendant his computation, the defendant did not deny any liability, but questioned how the amounts were arrive at. A second computation was prepared and mailed to the defendant and another meeting was held. A third computation set forth the amount the plaintiff is now seeking. CT Page 14348
At no time did the defendant deny he was obligated to make any payment whatsoever and he participated voluntarily in the discussions which produced the above noted computations, Exhibits A, B C.
While he now complains that the accountant was a friend of the plaintiff's and was selected by him the last two computations were not questioned at all. Further, the court heard the accountant's explanation of how the meetings proceeded. He testified that he encountered a sorry mess and felt he was acting as a neutral and "was doing what was fair to both." The court was favorably impressed by the demeanor of this witness and feels he was attempting to be fair. The defendant never protested to him that he should pay nothing.
The court must conclude on the evidence presented that the parties had agreed to share in profits and losses. Further, it is found that the defendant understood that to be the agreement and that he would be obligated to contribute to pay losses incurred.
 II
The defendant has interposed four special defenses and a counterclaim.
The findings noted above dictate a denial of the first special defense. No evidence was produced to support the second, and the third and fourth were withdrawn on the record.
The defendant's counterclaim sounds in contract, alleging he was to receive "reasonable compensation." The court heard no evidence to support such a claim. In fact, the defendant verified the original agreement of parties as related by the plaintiff and Mr. Silverman, that the defendant was to put in "sweat equity."
 CONCLUSION
Judgment may enter for the plaintiff to recover of the defendant the sum of $15,496.00, plus interest at the legal rate of 10% per annum. The date for the commencement of the running interest is found to be March 20, 1992, four days after the final computation of losses was dated and mailed by the accountant who met with the parties. CT Page 14349
The plaintiff is entitled to taxable costs.
Anthony, V DeMayo Judge Trial Referee